WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Piaquadio,<br><br>               Plaintiff,<br><br>v.<br><br>American Legal Funding LLC, et al.,<br><br>               Defendants. | No. CV-15-00579-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants American Legal Funding LLC, et al.'s motion for judgment on the pleadings (Doc. 51) pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff Adam Piaquadio's two motions for leave to amend his pleadings (Docs. 52, 61) and his motion for extension of time (Doc. 65), as well as Defendants' motion to strike (Doc. 59). For the following reasons the Court grants Defendants' motion for judgment on the pleadings, and finds Plaintiff's motions for leave to amend, motion for extension of time, and Defendants' motion to strike as moot.

## BACKGROUND

### I. Procedural Posture

Plaintiff filed his first complaint against defendants American Legal Funding L.L.C. ("ALF") and ALfund, AZ1, L.L.C. ("AZ1") for claims of usurious lending and violation of the Arkansas Deceptive Trade Practices Act on or about April 16, 2010 in the United States District Court, Western District of Arkansas, Fort Smith Division ("Case 1"). Compl. ¶ 9. On June 30, 2011, the Arkansas court entered default judgment in Case

1 against ALF and AZ1 in the amount of $452,940.00 ("Judgment").  Compl. ¶ 10, Ex. 1. ALF and AZ1 failed to satisfy any of the Judgment.  Compl. ¶ 11.  Thus, on June 20, 2013, Plaintiff served discovery on both parties in aid of execution of the judgment. Compl. ¶ 12.  E. Jeffrey Huff ("Huff"), president of ALF and authorized representative of AZ1, provided sworn responses to Plaintiff's discovery on August 19, 2013.  Compl. ¶ 13.  The responses revealed that ALF and AZ1 collectively held $3.80 in assets, and neither ALF nor AZ1 owned any real property, personal property, vehicles, stocks, bonds, trusts, or other investments.  Compl. ¶ 14.  Both entities, in effect, were defunct. Compl. ¶ 15.

Plaintiff then filed a second new complaint in the same Arkansas court on May 1, 2014, against original defendants ALF and AZ1 plus new defendants Huff, Alanex L.L.C., American Legal Fund Management AZ., L.L.C. ("ALFM"), and John Doe defendants 1–50 (new defendants shall be collectively called the "alter ego defendants") alleging piercing the corporate veil.  (Doc. 1.)  Upon Defendants' motion to dismiss for improper venue, the court transferred the second complaint to this Court pursuant to 28 U.S.C. §§ 1404(a), 1406(a).  (Doc. 27.)

**II.    Alter Ego Allegations**

Plaintiff raises a single claim for piercing the corporate veil, alleging that the alter ego defendants are alter egos of the original defendants ALF and AZ1 such that their assets may satisfy the outstanding Judgment.  Compl. ¶¶ 16–35.  Specifically, Plaintiff alleges that Huff and Alanex act as alter egos to ALF, and ALFM and Doe defendants 1–50 act as alter egos to AZ1.  Compl. ¶¶ 16–35.  Besides that distinction, Plaintiff asserts the same 10 allegations (except for changing the party names) to support his claim for piercing the corporate veil of both ALJ and AZI.  *Compare* Compl. ¶¶ 16–25 *with* Compl. ¶¶ 26–35.

///

///

///

- 2 -

**DISCUSSION**

**I.       Legal Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). To survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (finding *Iqbal* applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are "functionally identical"). Dismissal under Rule 12(b)(6), and accordingly Rule 12(c), can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**II.      Piercing the Corporate Veil Allegation**

Arizona law does not recognize a claim for piercing the corporate veil, otherwise known as an alter ego claim, as an independent cause of action. *See, e.g.*, *Five Points Hotel P'ship v. Pinsonneault*, 2014 WL 1713623, at *3–4 (D. Ariz. May 1, 2014) (dismissing plaintiffs' complaint pleading "alter ego as an independent cause of action [since] the Court concludes that Arizona law does not recognize alter ego as an independent cause of action . . . ."); *In re Elegant Custom Homes, Inc.*, 2007 WL 1412456, at *6 (D. Ariz. May 14, 2007) *aff'd sub nom. Dusharm v. Elegant Custom*

*Homes, Inc.*, 302 F. App'x 571 (9th Cir. 2008) ("Appellants characterize veil piercing as a distinct cause of action . . . , but the doctrine is not a cause of action in itself. Rather, it is a means to vindicate the interests of parties injured through a breach of contract or a tort."); *Lindquist v. Farmers Ins. Co. of Ariz.*, 2008 WL 343299, at *10 (D. Ariz. Feb. 6, 2008) (*citing Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself.")).

Plaintiff cites *Phoenix Van Buren Partners, LLC v. Moulding & Millwork, Inc.*, 2012 WL 1190842 (D. Ariz. Apr. 10, 2012) for the proposition that Arizona does recognize an independent alter ego claim to satisfy an outstanding underlying judgment. While *Van Buren* granted summary judgment for plaintiff on its alter ego claim to pierce the corporate veil of the original defendant's parent company in order to satisfy an outstanding Arizona state court judgment, the court never faced, and thus never analyzed, the question of whether an alter ego claim can be raised on its own under Arizona law. *Id.* at *4, *11. *Five Points*, on the other hand, directly addressed that question while acknowledging *Van Buren*, and concluded that Arizona law does not recognize alter ego as an independent cause of action. *Five Points*, 2014 WL 1713623, at *3–4. Moreover, as *Five Points* highlighted, when considering the issue, every court across the country except one holds the same. *Id.* at *3 (citing cases from Arkansas, California, Colorado, Florida, New York, Tennessee, Texas, and Utah which have held that "alter ego is not an independent claim, but rather a theory of liability, procedure, or equity to enforce another substantive claim."); *but see Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W. 2d 501, 504 (Mo. Ct. App. 1999) (recognizing an alter ego claim as a separate cause of action). The Supreme Court of the United States has also noted that "[p]iercing the corporate veil is not itself an independent ERISA cause of action, 'but rather is a means of imposing liability on an underlying cause of action.'" *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (citation omitted).

Plaintiff lastly argues that because he seeks to impose alter ego liability based on

an underlying cause of action, *i.e.*, the default judgment, his complaint does not in fact raise an independent alter ego cause of action.  Plaintiff, however, cites no authority recognizing a default judgment, entered by a district court, as an appropriate underlying cause of action upon which a party, in an effort to enforce that judgment, may file a new complaint raising an independent alter ego cause of action in a different district court.[1] The Court is not persuaded that Plaintiff's complaint raises anything other than an independent cause of action.

Accordingly, because Arizona law does not recognize an alter ego claim as a separate cause of action, the Court must enter judgment in favor of Defendants thus dismissing Plaintiff's complaint.  Nevertheless, that judgment will not be with prejudice. As Defendants themselves acknowledge in their Reply, simply because there is no independent free-standing cause of action for alter ego in Arizona does not mean that Plaintiffs cannot seek to collect their Arkansas judgment against Defendants here if they pursue the appropriate procedure.  Further, even if Plaintiffs were not to seek to proceed against Defendants in a collection action, it is not clear that Plaintiffs cannot proceed against Defendants for the same causes of action they pursued against defaulting Defendants in Arkansas when appropriate alter ego allegations are raised against such Defendants in Arizona.  Therefore while judgment will be granted in favor of Defendants, that judgment will not be with prejudice.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for judgment on the pleadings, and finds the remaining motions moot.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. 51) is **GRANTED** and the Complaint is dismissed without prejudice.

///

---

[1] Moreover, attaching the default judgment to the complaint does not establish the existence of an underlying claim, since it does not give the new alter ego defendants notice of the tortious conduct on which Plaintiff now alleges they are liable.

- 5 -

2. Plaintiff's Motions for Leave to Amend (Docs. 52, 61) are moot.

3. Defendants' Motion to Strike (Doc. 59) is moot.

4. Plaintiff's Motion for Extension of Time (Doc. 65) is moot.

5. The Clerk of Court is directed to enter judgment accordingly.

Dated this 2nd day of February, 2016.

_____
Honorable G. Murray Snow
United States District Judge